UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORTEZ LEE CUNNINGHAM,

        Petitioner,

v.                                      CASE NO. 07-14907
                                      HONORABLE NANCY G. EDMUNDS

RAYMOND BOOKER,

        Respondent.
_____/

**<u>OPINION AND ORDER DISMISSING HABEAS CORPUS PETITION,
DENYING PETITIONER'S MOTION FOR DISCHARGE FROM CUSTODY,
AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL</u>**

Petitioner Cortez Lee Cunningham has filed a *pro se* habeas corpus petition alleging violations of the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Also pending before the Court is Petitioner's motion to discharge him from custody. Respondent argues in an answer to the habeas petition that Petitioner has failed to comply with the statute of limitations. The Court agrees. Accordingly, the habeas petition and pending motion for discharge from custody will be denied.

**I. Background**

Following a jury trial in 1996, Petitioner was convicted of assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, armed robbery, Mich. Comp. Laws § 750.529, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. On April 9, 1996, Recorder's Court Judge Leonard

Townsend sentenced Petitioner to two years in prison for the felony firearm conviction, followed by concurrent terms of six years, eight months to ten years for the assault and twenty to forty years for the robbery.

In appeal of right, Petitioner argued through counsel that the admission of his co-defendant's hearsay statement deprived him of a fair trial and his right of confrontation, the evidence was insufficient to sustain the jury's verdict, and the trial court's refusal to give an alibi instruction deprived him of his constitutional right to present a defense. In a *pro se* supplemental brief, Petitioner argued that the trial court erred in refusing to suppress his confession and his trial attorney was unprepared for the *Walker* hearing.[1] The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished *per curiam* opinion, *see People v. Cunningham*, No. 196032 (Mich. Ct. App. Jan. 9, 1998), and on September 28, 1998, the Michigan Supreme Court denied leave to appeal. *See People v. Cunningham*, 459 Mich. 871; 586 N.W.2d 741 (1998) (table).

Over six years later in July or August of 2005[2], Petitioner filed a motion for relief from judgment, which the trial court denied. In an appeal from the trial court's decision, Petitioner argued that: his attorneys at the district court level, circuit court level, and on appeal were ineffective; the trial court failed to give him credit for time spent in jail; the trial court erred in making an independent finding of guilt at sentencing; the prosecutor

---

[1] In Michigan, a hearing to determine the voluntariness of a defendant's statement to the police is called a *Walker* hearing. *See People v. Walker (on rehearing)*, 374 Mich. 331; 132 N.W.2d 87 (1965).

[2] Petitioner alleges that he filed the motion on July 21, 2005, but the state court's docket indicates that the motion was filed on August 1 or 2, 2005. The exact filing date is immaterial, because the habeas petition is untimely regardless of whether it was filed in July or August of 2005.

abused his discretion by bringing multiple prosecutions and by using false testimony; and he was deprived of a full review in the court of appeals. The Michigan Court of Appeals denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Cunningham*, No. 268012 (Mich. Ct. App. Aug. 2, 2006). On June 26, 2007, the Michigan Supreme Court denied leave to appeal for the same reason, but remanded the case to the trial court for amendment of the judgment of sentence to reflect twenty-four days of credit for time served. *See People v. Cunningham*, 478 Mich. 923; 732 N.W.2d 892 (2007) (table).

On November 8, 2007, Petitioner signed and dated his federal habeas corpus petition pursuant to U.S.C. § 2254. He raises the same eight claims that he presented to the Michigan Court of Appeals during his second round of appeals. Respondent urges the Court to dismiss the habeas petition as time-barred. Petitioner replies that he was diligent in pursuing his claims and that his inability to obtain transcripts and documents from his criminal proceedings impeded his ability to file an appeal. He alleges in his motion to discharge him from custody that the trial court lacked jurisdiction to try him because the return on the warrant for his arrest was not properly filed or certified.

## II. Discussion

### A. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), established a one-year period of limitations for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). The limitations period runs from the latest of

>**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner is not relying on a newly recognized constitutional right (28 U.S.C. § 2244(d)(1)(C)) or on newly discovered evidence that could not have been discovered through the exercise of due diligence (28 U.S.C. § 2244(d)(1)(D)).  Nor has he demonstrated that unconstitutional state action prevented him from filing a timely habeas petition (28 U.S.C. § 2244(d)(1)(B)).  He claims that he was unable to acquire certain transcripts and that the lack of transcripts impeded his efforts to file his post-conviction motion for relief from judgment in state court.  However, exhibits to the habeas petition indicate that Petitioner received the transcripts of his trial, sentencing, Walker hearing, and competency hearing on January 26, 1998, which was shortly after the Michigan Court of Appeals affirmed his convictions and before his convictions became final.  *See* Habeas Pet., Ex. G.  Instead of filing his post-conviction motion upon receipt of these items, Petitioner continued to seek additional documents, including the warrant, a notice regarding his statement or confession, the transcript of his

arraignment, "all evidence against the accused," "all written statements," and the police report. *See* Habeas Pet., Ex. H.  Petitioner has not shown why he needed these additional items to raise his claims in state court.  Even if they were necessary, Petitioner could have filed his motion for relief from judgment and then moved to expand the record to include those items.  *See* Mich. Ct. R. 6.507 (authorizing the state court to order the parties to expand the record by submitting any additional materials deemed relevant to a decision on the merits of the motion).  Petitioner also could have filed a timely habeas petition and then moved to stay the federal proceedings until he could pursue additional remedies in state court.

The Court concludes that subsections 2244(d)(1)(B) - (D) of Title 28, United States Code, do not apply here, and that the statute of limitations ran from the date that Petitioner's convictions became final under 28 U.S.C. § 2244(d)(1)(A).  "[D]irect review cannot conclude for purposes of § 2244(d)(1)(A) until 'the availability of direct appeal to the state courts,' and to [the United States Supreme] Court, has been exhausted.  Until that time, the 'process of direct review' has not 'com[e] to an end' and 'a presumption of finality and legality' cannot yet have 'attache[d] to the conviction and sentence.'" *Jimenez v. Quarterman*, __ U. S. __, __, 129 S. Ct. 681, 685-86, 172 L.Ed.2d 475 (2009) (citations omitted).  If a prisoner chooses not to seek a *certiorari* petition in the Supreme Court, his conviction becomes final under § 2244(d)(1)(A) when the time for filing a *certiorari* petition expires.  *Id.*, 129 S. Ct. at 685; *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  "A criminal defendant has only ninety days following the entry of judgment by the 'state court of last resort' in which to file a petition for a writ of certiorari."  *Bronaugh*, 235 F.3d at 283.

5

Petitioner's convictions became final under § 2244(d)(1)(A) on December 27, 1998, ninety days after the Michigan Supreme Court denied leave to appeal on direct review. The deadline for filing his habeas corpus petition expired one year later on December 27, 1999. Petitioner filed his habeas petition over seven years later. The habeas petition therefore is untimely, absent tolling.

### B.  Statutory and Equitable Tolling

The time during which a post-conviction motion is under consideration in state court tolls the limitation period, 28 U.S.C. § 2244(d)(2), but the statute of limitations had already run before Petitioner filed his motion for relief from judgment in 2005. Thus, the state court motion had no effect on the limitations period.

Petitioner urges the Court to equitably toll the limitation period on the ground that he was diligent in pursuing his claims and was unable to acquire state court transcripts. Equitable tolling applies to the statute of limitations in appropriate cases. *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001). However, "a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408,  418, 125 S. Ct. 1807, 1814, 161 L.Ed.2d 669 (2005 ) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L.Ed.2d 435 (1990)). Courts in this Circuit also consider and balance the following factors when deciding whether equitable tolling is appropriate:

> (1) lack of actual notice of [the] filing requirement; (2) lack of constructive knowledge of [the] filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

6

*Andrew v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). "Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).

Lack of prejudice to the respondent is not an independent basis for invoking the doctrine of equitable tolling, *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152, 104 S. Ct. 1723, 1726, 80 L.Ed.2d 196 (1984), and Petitioner has not alleged that he lacked notice or constructive knowledge of the filing requirement. He may have been diligent in pursuing his claims, but he has not shown that some extraordinary circumstance stood in the way of filing a timely habeas petition. As noted above, he admitted in a state court motion that he received the transcripts of his trial, sentencing, and Walker hearing on January 26, 1998.

Finally, although equitable tolling applies where the petitioner makes a credible claim of actual innocence, *Souter v. Jones*, 395 F.3d 577, 601 (6th Cir. 2005), a claim of actual innocence must be supported by "new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 865, 130 L.Ed.2d 808 (1995); *see also Souter*, 395 F.3d at 600 (explaining that the actual-innocence exception for time-barred claims is limited to the rare and extraordinary case where a habeas petitioner presents new evidence which undermines the reviewing court's confidence in the outcome of the trial). According to the Michigan Court of Appeals, Petitioner admitted to the police that he was at the scene of the crime and that one of his accomplices handed him a gun. The complainant testified that Petitioner pointed a gun at him during the incident and threatened to shoot him. The court of appeals concluded that Petitioner's assault conviction was supported by sufficient

evidence and that there was little doubt he and his accomplices conspired to rob the complainant.  Petitioner has not produced any new and reliable evidence that undermines the Court's confidence in the jury's verdict or that would lead a reasonable juror to have doubt about his guilt or innocence.

### III.  CONCLUSION

Petitioner's claims are barred from substantive review by the one-year statute of limitations, and equitable tolling of the limitation period is not warranted.  Accordingly, the habeas corpus petition [Dkt. #1] is **DISMISSED** with prejudice for failure to comply with the statute of limitations, and the motion for discharge from custody (Dkt. #8) is **DENIED**.

Reasonable jurists would not debate whether the Court's procedural ruling is correct or whether the petition states a valid claim of the denial of a constitutional right.  The Court therefore declines to issue a certificate of appealability.  *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L.Ed.2d 542 (2000).  The Court also denies leave to proceed *in forma pauperis* on appeal.  Should Petitioner decide to appeal this decision, he may seek leave to proceed *in forma pauperis* from the Court of Appeals*.  See* Fed. R. Civ. P. 24(a)(5).


        s/Nancy G. Edmunds  
        Nancy G. Edmunds  
        United States District Judge

Dated:  August 18, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 18, 2009, by electronic and/or ordinary mail.

       s/Carol A. Hemeyer
       Case Manager